United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40770
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CARLOS MAURICIO RAMOS-BARAHONA, also known as Carlos
Ramos-Barahona

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-55-ALL

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Carlos Mauricio Ramos-Barahona appeals from a guilty-plea conviction for being unlawfully present in the United States following deportation. Ramos-Barahona argues that the district court erred in assigning a 16-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) for a prior California conviction for assault with a deadly weapon. Because Ramos-Barahona raised this issue

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

below, this court reviews the issue de novo. United States v. Calderon-Peña, 383 F.3d 254, 256 (5th Cir. 2004) (en banc).

In United States v. Sanchez-Ruedas, 452 F.3d 409, 412-14 (5th Cir.), cert. denied, 127 S. Ct. 315 (2006), we examined the identical California statute at issue in Ramos-Barahona's case and held that the California statute was sufficiently similar to the generic contemporary definition of aggravated assault to qualify as an enumerated crime of violence offense. The district court did not err in assigning a 16-level increase for Ramos-Barahona's prior conviction for assault with a deadly weapon. See id.

Ramos-Barahona challenges 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Ramos-Barahona's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Ramos-Barahona contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005); see also Rangel-Reyes v. United States, 126 S. Ct. 2873 (2006); United States v. Pineda-Arrellano, 2007 U.S. App. LEXIS 16925 (5th Cir. July 17, 2007). Ramos-Barahona properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.